*** Filed *** 06:35 PM, 07 Aug, 2026 U.S.D.C. Eastern District of New York

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

DERRI-ANN McLENNON,

Plaintiff,

v.

GRANT ASSOCIATES, INC.,

Defendant.

Case No: ___________________________

# COMPLAINT

Plaintiff, DERRI-ANN McLENNON ("Plaintiff"), brings this civil action against Defendant, GRANT ASSOCIATES, INC. ("Defendant"), and alleges as follows:

---

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. Venue is proper in the Eastern District of New York because the events giving rise to this claim occurred in Queens County, New York.

3. Plaintiff received a Right-to-Sue Notice from the EEOC and files this action within the permitted statutory period.

---

## II. PARTIES

4. Plaintiff is a former employee of Defendant, employed as a Career Navigator/Trainer.

5. Defendant Grant Associates, Inc. is a workforce development and staffing corporation headquartered in New York City and operating multiple employment sites across the city.

---

## III. STATEMENT OF FACTS

Plaintiff was hired by Grant Associates in February 2022 as a Career Navigator and consistently exceeded performance expectations, earning Employee of the Month (November 2022) and later completing 17 service plans during an active COVID-19 infection, when only two were required. Plaintiff's strong credentials, leadership performance, and acceptance into the organization's prestigious GLDI Leadership Program demonstrated clear career progression and positioned her for advancement.

In early 2023, Plaintiff's working conditions began to deteriorate following a series of inappropriate statements and boundary-crossing behavior by her direct supervisor, including the use of the term "grooming" in reference to Plaintiff—a term later admitted by the supervisor. This incident created discomfort, fear, and confusion, leading Plaintiff to raise concerns with management and HR.

Beginning in March and escalating through April–May 2023, Plaintiff experienced a medically significant decline. She suffered a confirmed COVID-19 infection in December 2022 and was forced to continue working through hybrid arrangements while symptomatic and feverish (over 102°F) pending medical clearance—against medical best practices. The weakened physical baseline created by this infection was followed by a severe back injury that required epidural-level injections and ongoing pain-management

treatment. Plaintiff continued to attend work during this period—often on the same days as injections—due to fear of retaliation and the organization's culture of punishing medical vulnerability.

Throughout April and May, Plaintiff properly notified her supervisor and management of medically related lateness, including on April 24 and May 2, which the supervisor acknowledged ("Ok"). Documents show that each cited lateness coincided with known medical appointments or mobility limitations following injections. Despite this, the employer later submitted an EEOC Position Statement falsely claiming Plaintiff "did not communicate"—statements directly contradicted by timestamped evidence.

On May 1, 2023, following Plaintiff's concerns about misconduct, Plaintiff was called into a hostile HR meeting that provided no support or resolution. Immediately after this meeting, Plaintiff experienced a sudden IT lockout lasting over a week, preventing her from performing essential job duties. When Plaintiff contacted HR on May 9 regarding the lockout, HR responded but provided no explanation, and the access loss was never attributed to any legitimate cause. This lockout occurred one day after Plaintiff informed the whistleblower hotline (May 2–3) that she intended to contact the EEOC.

During the same period, the Operations Manager—who ultimately received the promotion Plaintiff applied for—removed Plaintiff from internal systems (including Salesforce and the Career Compass group), then quietly re-added her moments later. She simultaneously assigned Plaintiff outdated client lists with known disconnected numbers, artificially reducing Plaintiff's performance metrics. These actions demonstrate targeted undermining at the departmental level.

Plaintiff continued experiencing escalating harassment and pressure, including repeated HR meeting demands, increased monitoring, and efforts to document pretextual "issues." On May 31, Plaintiff's PTO request was denied, despite HR later claiming she engaged in a "no call/no show" on that same date—an assertion disproven by Plaintiff's email showing she was required to come into the office.

On June 7, 2023, the Director entered Plaintiff's workspace for an unscheduled observation. Two days later—June 9, 2023—Plaintiff was terminated under the false pretext of "attendance issues" despite documented medical conditions, medical appointments, acknowledgment of communication, and known injuries. Plaintiff was not referred to HR for ADA accommodation, short-term disability, or FMLA evaluation at any

time. Instead, her supervisor instructed her not to report medical leave to HR—interfering with federally protected processes.

Following Plaintiff's August 14, 2025 demand letter outlining unlawful retaliation and seeking resolution, Plaintiff received phishing-type threats to her work email within 24 hours of the employer signing for the certified letter, raising serious concerns of internal involvement, digital interference, or retaliatory data activity.

Plaintiff ultimately suffered constructive discharge conditions, damage to her health, loss of income, professional derailment, reputational harm, and significant emotional and physical consequences. Defendant's conduct demonstrates a consistent pattern of retaliation, ADA interference, hostile work environment, pretextual documentation, and bad-faith actions beginning immediately after Plaintiff reported misconduct and escalated upon knowledge of Plaintiff's intent to contact federal authorities.

# IV. CAUSES OF ACTION

## Cause of Action 1 — Retaliation in Violation of Title VII of the Civil Rights Act of 1964

Defendant retaliated against Plaintiff after she engaged in protected activity, including reporting inappropriate conduct by her supervisor, contacting the internal whistleblower line, and attempting to escalate concerns to HR. Immediately following these protected actions, Plaintiff experienced escalating hostility, exclusion from systems, increased scrutiny, pretextual disciplinary actions, denial of opportunities, and eventual termination. Defendant's materially adverse actions were causally connected to Plaintiff's protected activity, in violation of 42 U.S.C. § 2000e-3(a).

---

## Cause of Action 2 — Hostile Work Environment in Violation of Title VII

Plaintiff was subjected to unwelcome conduct that was severe and pervasive enough to alter the conditions of her employment. This included inappropriate comments, misuse of the term "grooming," pressure to appease management for advancement, retaliatory HR meetings, targeted scrutiny, exclusion from team systems, and attempts to paper a false disciplinary record. The hostile environment was created, endorsed, or ignored by supervisory staff and upper management, constituting a violation of Title VII.

---

## Cause of Action 3 — Discrimination Based on Disability / Perceived Disability (ADA Title I)

Defendant discriminated against Plaintiff by failing to accommodate her medical limitations, penalizing her for medically-necessary lateness, ignoring submitted documentation, denying her access to job-protected leave options, and mischaracterizing disability-related symptoms as performance issues. Defendant's actions—including demanding work during active COVID illness, disregarding back-injection recovery limitations, and refusing to acknowledge disability-related constraints—constitute violations of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) & (b)(5).

---

## Cause of Action 4 — Interference With Rights Under the ADA / FMLA Principles

Defendant obstructed Plaintiff's ability to access job-protected medical leave by directing her not to report medical absences to HR and instead filter all absences through her supervisor, effectively preventing Plaintiff from invoking FMLA, short-term disability, or other federally protected medical-leave mechanisms. This interference was deliberate, retaliatory, and foreseeably harmful, constituting unlawful obstruction of federally protected rights.

---

## Cause of Action 5 — Wrongful Termination / Constructive Discharge

Defendant created working conditions so intolerable—system lockouts, repeated baseless HR meetings, retaliatory write-ups, excessive monitoring, and heightened scrutiny during medical vulnerability—that a reasonable employee would feel compelled to resign. Plaintiff was then terminated under false pretenses of "absenteeism," despite the absences being medically supported, pretextual, or induced by the hostile conditions. Defendant's conduct constitutes wrongful termination and constructive discharge under federal law.

---

## Cause of Action 6 — Negligent Supervision, Retention, and Failure to Intervene

Defendant failed to supervise managerial staff who engaged in inappropriate conduct, retaliation, digital interference, and the creation of a hostile work environment. HR and upper management declined to intervene despite knowledge of misconduct, protected activity, and escalating workplace hostility. This negligence foreseeably resulted in Plaintiff's emotional, financial, and physical harm.

---

## Cause of Action 7 — Defamation (False Statements in Official Submissions)

Defendant, through its agents or counsel, knowingly submitted false statements to the EEOC regarding Plaintiff's attendance, behavior, and mental stability, including allegations that Plaintiff failed to communicate, acted "erratically," or engaged in misconduct contradicted by contemporaneous evidence. These statements were

published to a federal agency, were false, unprivileged, and damaging to Plaintiff's professional reputation and future employability.

---

## Cause of Action 8 — Spoliation / Bad-Faith Record Manipulation (Adverse Inference Doctrine)

Defendant altered, omitted, or misrepresented internal attendance records, system access logs, and communication records in its official EEOC response. This pattern of missing, incomplete, or contradicted documentation supports the application of adverse inference instructions for bad-faith spoliation of evidence, under federal evidentiary principles.

---

## Cause of Action 9 — Digital Interference, Monitoring, or Improper Access to Plaintiff's Work Account

Following Plaintiff's protected activity, suspicious and improper electronic activity occurred involving her work email account—including a phishing-style message directed to her official company inbox within 24 hours of her formal demand letter. These events are consistent with retaliatory digital misconduct or misuse of internal systems, constituting unlawful interference with Plaintiff's employment rights and protected activity.

# Documented Good-Faith Attempts to Resolve This Dispute Before Filing

Plaintiff notes that her damages request is proportional, evidence-based, and escalated only because Defendant repeatedly refused opportunities to resolve the matter earlier.

- At the EEOC stage, Plaintiff sought approximately **$1.1 million.**
- In her August 2025 pre-litigation demand letter, Plaintiff reduced her expectations and requested **$10 million**.
- When Defendant failed to respond within the stated deadline and a phishing attempt was received one business day after the letter was delivered, Plaintiff increased her demand to **$17 million** to reflect escalating misconduct.

Since then, the full review of documentary evidence—including system lockouts, retaliatory patterns, false statements to the EEOC, harassment during active medical injury, and potential IT-related interference—demonstrates significantly greater harm than originally understood. As such, Plaintiff's current damages range is fully justified and consistent with national legal precedent for retaliation, hostile work environment, ADA interference, and career derailment.

This clause is provided solely to show that Plaintiff has acted in good faith and that Defendant repeatedly passed on opportunities to resolve this matter for a fraction of its present value.

# PRAYER OF RELIEF — DAMAGES REQUESTED

Plaintiff respectfully seeks the following relief, supported by extensive evidence, federal precedent, and the multi-category harms documented in this action:

---

### 1. Career Derailment & Future Earnings Loss (Compensatory + Punitive Basis)

The retaliatory termination, blocked advancement, derailed promotion track, reputational loss, and removed opportunities resulted in long-term earning loss and permanent career disruption. Federal courts routinely award high damages where retaliation cuts off a rising career path.

**Requested Range:** $32,000,000 – $40,000,000

---

### 2. Emotional Distress & Psychological Harm (Retaliation-Induced Trauma)

A months-long pattern of harassment, targeting, instability, fear of termination, and post-termination interference produced severe psychological harm, anxiety, humiliation, sleep disruption, and prolonged emotional suffering.

**Requested Range:** $18,000,000 – $22,000,000

---

### 3. Medical Impact, Exacerbation of Conditions & ADA Interference

Defendant ignored documented medical conditions, disrupted accommodations, denied protected needs, contributed to physical deterioration, and worsened existing symptoms during and after employment.

**Requested Range:** $8,000,000 – $12,000,000

---

### 4. Retaliation & Hostile Work Environment (HWE)

Plaintiff experienced systemic targeting from multiple organizational levels, including ambush HR meetings, lockouts, contradictory write-ups, PTO denial, and escalating hostility immediately following protected activity.

**Requested Range:** $10,000,000 – $14,000,000

---

### 5. Reputational Harm & Loss of Professional Standing

Defendant's actions damaged Plaintiff's professional image, creditability, employability, and standing in her field, resulting in long-term economic and reputational loss.

**Requested Range:** $7,000,000 – $9,000,000

---

### 6. Financial Harm & Imminent Bankruptcy-Level Instability

Sudden job loss, credit damage, relocations, system lockouts, financial deterioration, and prolonged instability placed Plaintiff into near-bankruptcy conditions attributable directly to Defendant's interference.

**Requested Range:** $5,000,000 – $8,000,000

---

### 7. Punitive Damages (Malice, Fraud, Retaliation & Cover-Up Conduct)

Punitive damages are warranted given the pattern of deception, shifting explanations, falsified statements, interference with medical documentation, retaliation after protected activity, and alleged electronic misconduct.

**Requested Range:** $30,000,000 – $45,000,000

---

# TOTAL DAMAGES RANGE (JUSTIFIED)

**$110,000,000 – $150,000,000**

plus pre-judgment interest, post-judgment interest, and attorneys' fees.

**Respectfully submitted,**

**Derri-Ann McLennon**

**Plaintiff, Pro Se**

**Signature:** [signature] 11/25/25

**Daytime Phone Number: 917-830-4284**

**Email : derri-annmclennon@live.com**

# EXHIBIT A

**EEOC RIGHT-TO-SUE LETTER**

**In Support of Complaint Filed Under Title VII of the Civil Rights Act of 1964 and the ADA**

This exhibit contains the Equal Employment Opportunity Commission's official Determination and Notice of Rights issued to Plaintiff on September 22, 2025 (Charge No. 520-2023-04518).

The EEOC formally closed its investigation and granted Plaintiff the legal right to file suit in federal court within ninety (90) days of receipt of this notice.

This document establishes:

- Administrative exhaustion of remedies required under Title VII and the ADA.
- Plaintiff's timely right to initiate this lawsuit in federal court.
- EEOC jurisdiction and confirmation of the charge filed against Defendant.

**Prepared and Submitted by:**

Derri-Ann McLennon (Plaintiff, Pro Se)

Date: November 2025

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Boston Area Office**
15 New Sudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/22/2025

**To:** Ms. DerriAnn Mclennon
10710 SHOREFRONT Pkwy 10P
ROCKAWAY PARK, NY 11694
Charge No: 520-2023-04518

EEOC Representative and email: WILMARIE ROSADO PEREZ
INVESTIGATOR
WILMARIE.ROSADOPEREZ@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2023-04518.

On behalf of the Commission,

Digitally Signed By:Feng K. An
09/22/2025

Feng K. An
Area Office Director

**Cc:**
Linda Prestegaard
Phillips Lytle LLP
28 E MAIN ST STE 1400
Rochester, NY 14614

Please retain this Notice for your records.

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DERRI-ANN MCLENNON

**(b)** County of Residence of First Listed Plaintiff QUEENS COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

GRANT ASSOCIATES, INC

County of Residence of First Listed Defendant NEW YORK COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☑ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII - Hostile Work Environment & Retaliation; ADA - Disability Discrimination & Retaliation

Brief description of cause:
WORKPLACE HARASSMENT, MEDICAL DISCRIMINATION, AND RETALIATORY FIRING

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE ____ SIGNATURE OF ATTORNEY OF RECORD ____

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

DERRI-ANN MCLENNON

*Plaintiff(s)*

v.

GRANT ASSOCIATES, INC

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Attn: Doug Cotter, CEO
494 8th Avenue, 21st FL
New York, NY 10001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Revised 02.13.2025, Effective 02.17.2025

25-cv-06573

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Derri-Ann McLennon
10710 Shorefront Pkwy 10P Rockaway Park, NY 11694

**(b)** County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Grant Associates, INC

County of Residence of First Listed Defendant ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 2000e to 2000e-17

Brief description of cause:
Title VII of the Civil Rights Act of 1964

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE ____________ DOCKET NUMBER ____________

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, ____________________________________________, counsel for_____________________________, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☐ the complaint seeks injunctive relief, or

☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? ☐ Yes ☐ No
2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? ☐ Yes ☐ No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? ☐ Yes ☐ No
   b. Do the majority of defendants reside in Nassau or Suffolk County? ☐ Yes ☐ No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? ☐ Yes ☐ No
4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☐ Yes ☐ No

(*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain) ☐ No

I certify the accuracy of all information provided above.

**Signature**: ____________________________________________________